UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DAYTON LYWOOD,

                              Plaintiff,

        -against-

CITY OF NEW YORK, POLICE OFFICER JOSEPH
TILLOTSON, POLICE OFFICER ANTHONY
CAROZZA, SERGEANT STEVEN TALVY,

                             Defendants.

------------------------------------------------------------------- x

**STIPULATION AND ORDER
OF SETTLEMENT AND
DISMISSAL**

10-CV-4640 (ILG) (ALC)

       **WHEREAS**, plaintiff, Dayton Lywood, commenced this action by filing a complaint on or about October 8, 2010, alleging that defendants violated his federal civil rights; and

       **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS**, the parties now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability;

       **WHEREAS**, plaintiff has authorized his counsel to settle this matter on the terms set forth below;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

       1.     The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2.     The City of New York hereby agrees to pay plaintiff, Dayton Lywood, the sum of SIXTY FIVE THOUSAND and NO/00 ($65,000.00) DOLLARS in full satisfaction of all claims, including claims for costs, expenses and attorney fees. In consideration for the payment of this sum, plaintiff agree to the dismissal of all claims against the defendants, the City of New York, Police Officer Joseph Tillotson, Police Officer Anthony Carozza, and Sergeant Steven Talvy, and to release all defendants and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action from the beginning of the world to the day of the date of the release, including all claims for costs, expenses, and attorneys' fees.

3.     Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4.     Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants and the City of New York reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
October 19, 2011

STOLL, GLICKMAN & BELLINA, LLP
*Attorneys for Plaintiff*
475 Atlantic Avenue, Fl. 3
Brooklyn, New York 11217
(718) 852-3710

By: _____
Andrew B. Stoll (AS 8808)

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
Room 3-157
New York, New York 10007
(212) 442-4050

By: _____
Pernell M. Telfort (PT 6582)
*Special Assistant Corporation Counsel*

**SO ORDERED:**

_____
Hon. William F. Kuntz, II
United States District Judge